# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

**TWYLA COGSWELL,**

    Plaintiff(s)

    v.

**LESSEREVIL LLC ,**

    Defendant(s)

NO. **1:23−CV−00311−DJC−JDP**

**INITIAL CASE MANAGEMENT ORDER**

This action has been assigned to District Judge Daniel J. Calabretta. Pursuant to the provisions of Fed. R. Civ. P. 16 and 26, **IT IS HEREBY ORDERED THAT:**

    1. Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of filing of the complaint.

    2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all parties subsequently joined, a copy of all new civil case orders issued, and shall file with the Clerk a certificate reflecting such service.

    3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such

/////

/////

removal, serve upon each of the other parties named herein, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk a certificate reflecting such service.

    4. Within sixty (60) days of service of the complaint on any party, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the Court a joint status report that includes the Rule 26(f) discovery plan. The status report shall address the following matters:

    a. The nature of the case, including a brief summary of the claims and legal theories under which recovery is sought or liability is denied;

    b. Progress in the service of process;

    c. Possible joinder of additional parties;

    d. Any expected or desired amendments to the pleadings;

    e. Statutory basis for jurisdiction and venue;

    f. Anticipated motions and the scheduling of motions;

    g. Anticipated discovery and the scheduling of discovery, including:

        (1) what changes, if any, should be made in the timing, form, or requirement for disclosure under Rune 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

        (2) the subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

        (3) what changes, if any should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

        (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); or

        (5) discovery cut-off dates.

      h.    Contemplated dispositive or other motions and a proposed date by which all non–discovery motions shall be heard;

      i.    Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;

      j.    A proposed date for final pretrial conference;

      k.    A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury trial;

      l.    Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c);

      m.    Proposed modification of standard pretrial procedures because of the simplicity of complexity of the case;

      n.    Whether the case is related to any other case pending in this district, including the bankruptcy court of this district;

      o.    Optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d); and

      p.    Any other matters that may be conducive to the just and expeditious disposition of the case.

5.    The parties shall include a statement in their Joint Status Report advising whether they prefer to appear at a status conference or are satisfied to have the Court issue a Status (Pretrial Scheduling) Order based on the Joint Status Report.  In appropriate cases, and after receiving the parties' Joint Status Report, the Court may issue a Status (Pretrial Scheduling) Order without requiring a status conference.  If the

/////

parties have a significant disagreement in their Joint Status Report, the parties should expect the Court will set the matter for a status conference.

DATED: May 2, 2025

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE